T.C. Memo. 2003-45

UNITED STATES TAX COURT

TOMMY RAY SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8564-02L.                    Filed February 25, 2003.

Tommy Ray Smith, pro se.

<u>Rollin G. Thorley</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment and to impose a penalty under section 6673[1] (respondent's motion).  We shall grant respondent's

_____

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

motion.

### Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Las Vegas, Nevada, at the time he filed the petition in this case.

On December 28, 1998, petitioner filed a Federal income tax (tax) return for his taxable year 1997 (1997 return). In his 1997 return, petitioner reported total income of $0, total tax of $0, and claimed a refund of $2,939.89 of tax withheld. Petitioner attached a two-page document to his 1997 return (petitioner's attachment to his 1997 return). That document, as completed by petitioner, stated in pertinent part:

> I, Tommy R. Smith am submitting this as part of my 1997 income tax return, even though I know that no section of the Internal Revenue Code:
>
> 1) Establishes an income tax "liability" as, for example, Code Sections 4401, 5005, and 5703 do with respe to wagering, alcohol, and tobacco taxes;
>
> 2) Provides that income taxes "have to be paid on the basis of a return"-as, for example, Code Sections 437 4401(c), 5061(a) and 5703(b) do with respect to other taxes * * * this return is not being filed voluntarily but is being filed out of fear that if I did not file this return I could also be (illegally) prosecuted for failing to file an income tax return for the year 1997.
>
> 3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet clearly informs me that I am not required to file. It does so in at least two places.
> a) In one place, it states that I need only file a

return for "any tax" I may be "liable" for.  Since no Code Section makes me "liable" for income taxes, this provision notifies me that I do not have to file an income tax return.

b) In another place, it directs me to Code Section 6001.  This section provides, in relevant part, that "Whenever in the judgment of the Secretary it is necessary, he may require any person by notice served on suc person; or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for tax under this title."  Since the Secretary of the Treasury did not "serve" me with any such "notice" and since no legislative regulation exists requiring anyon to file an income tax return, I am again informed by the "Privacy Act Notice" that I am not required to file an income tax return.

*     *     *     *     *     *     *

7) It should also be noted that I had "zero" income according to the Supreme Court's definition of income * * * since in Merchant's Loan & Trust C. V. Smietanka, 225 U.S. 509, (at pages 518 & 519) that court held that "The word (income) must be given the same meaning in all of the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act of 1909."  Therefore since I had no earnings in 1997, tha would have been taxable as "income" under the Corporation Excise Tax Act of 1909, I can only swear to having "zero" income in 1997.  Obviously, since I know the legal definition of "income", if I were to swear to having received any other amount of "income," I would be committing perjury * * *.  Therefore, not wishing to commit perjury * * *, I can only swear to having "zero" income fo 1997.  [Reproduced literally.]

On June 14, 1999, respondent paid petitioner the $2,939.89 refund that he claimed in his 1997 return plus interest thereon.

On August 4, 2000, respondent issued to petitioner a notice of deficiency (notice) with respect to his taxable year 1997, which he received.  In that notice, respondent determined a deficiency in, and an accuracy-related penalty under section

6662(a) on, petitioner's tax for his taxable year 1997 in the respective amounts of $2,194 and $438.80.

Petitioner did not file a petition in the Court with respect to the notice relating to his taxable year 1997. Instead, on October 6, 2000, in response to the notice, petitioner sent a letter (petitioner's October 6, 2000 letter) to the Internal Revenue Service. That letter stated in pertinent part:

RE: Deficiency Notice dated 08-04-00
    Registered Mail # Z 096 931 664

According to your "Deficiency Notice" of above date (cover sheet [page 1 of notice with respect to peti- tioner's taxable year 1997] attached), there is an alleged deficiency with respect to my 1997 income tax return of $0.00, if I wanted to "contest this defi- ciency before making payment", I must "file a petition with the United States Tax Court". Before I file, pay, or do anything with respect to your "Notice", I must first establish whether or not it was sent out pursuant to law and whether or not it has the "force and effect of law", since, if it does not, than it can not legally apply to me on any basis.

1) For one thing, Section 6212 states that "If the Secretary determines that there is a deficiency in respect of any tax... he is authorized to send notice of such deficiency etc., etc., etc.," However, the "Notice" I recieved was not sent out by the Secretary, but rather by Ms. Power, who is identified as being the Director of the Service Center in Ogden, UT, and I have no way of knowing whether she has been delegated by the Secretary to send out such notices on the Secretary's behalf. So before I do anything at all with respect to your "Notice", I would have to see a Delegation Order from the Secretary of the Treasury delegating to Ms. Power the authority to send out Deficiency Notices.

2) I would also like you to send me (or identify for me) the legislative regulations that you claim implement Code Section 6212 and 6213. According to two Code Sections in the Privacy Act and Paperwork Reduc-

tion Act notice (as contained in the 1040 booklet) to which my attention was **specifically directed** - Section 6001 States that I must "comply with such rules and regulations as the Secretary may from time to time prescribe etc. etc.,...; while Section 6011 states that "when required by <u>regulations</u> prescribed by the Secretary etc., etc...", however, I can not find any <u>legis-lative</u> regulation "prescribed by the Secretary" that requires me to petition Tax Court in responce to a Deficiency Notice.  Therefore, I am asking that you supply me with the <u>legislative</u> regulations that you claim implement Code Section 6212 and 6213, since I can not find any such regulations on my own. * * *  [Repro-duced literally.]

On January 8, 2001, respondent assessed petitioner's tax, as well as any penalties and interest as provided by law, for his taxable year 1997.  (We shall refer to those assessed amounts, as well as interest as provided by law accrued after January 8, 2001, as petitioner's unpaid liability for 1997.)

On January 8, 2001, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for 1997.

On July 30, 2001, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to his taxable year 1997. On or about August 29, 2001, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office).  Petitioner at-tached a document to his Form 12153.  That document stated in pertinent part:

1) I want the appeals officer to have with him a copy of the **Notice and Demand** that was supposed to have been sent.

2) If he dose not have the actual "notice and demand", then I demand that he at least have a blank copy of the document.

3) Please have the **Form 4340** signed by an assessment officer certifying that an assessment has been made.  In lieu of a signed 4340, don't show me an unsigned IRS printout (containing coded entries I don't understand) which claims an assessment was made.

4) I want the appeals officer to also have **the 1040 return** from which my claimed 1997 assessment was made.

5) I would like to see the **Treasury Decision or Treasury Regulation** which identifies the document sent to me as being the stutory "notice and demand" is, in fact, that document.

6) I claim there is no **Statute** requiring me to pay the income taxes at issue.  Please have that **Statute** for me to see.

7) Also show me the law that authorizes the **IRS** to claim that I owe more in income taxes than the "zero" I reported on my 1997 income tax return.

8) Show me the law that says a **Form 1040** is to be used.

9) And finally I expect you to have at the hearing "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.  [Reproduced literally.]

On March 13, 2002, respondent's Appeals officer held an Appeals Office hearing with petitioner with respect to the notice of intent to levy.  At the Appeals Office hearing, the Appeals officer gave petitioner Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect to petitioner's taxable year 1997.

On April 4, 2002, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under

section 6320 and/or 6330 (notice of determination).  An attachment to the notice of determination stated in pertinent part:

**Verification of Legal and Procedural Requirements**

The Secretary has provided sufficient verification that all legal and procedural requirements have been met. Computer transcripts have been reviewed by Appeals, verifying the assessment.

The assessment was made, and notice and demand was issued on 01/08/2001 by regular mail to the taxpayer's last known address, as required under IRC 6303.  The notices required under IRC 6331(d) and IRC 6330 were combined in Letter 1058, dated 07/30/2001, which was mailed certified to the taxpayer's last known address. The taxpayer responded with Form 12153, Request for a Collection Due Process Hearing, which was timely received on 08/29/2001.  The taxpayer is entitled to judicial review.  This is a levy issue only.

A certified transcript was requested and reviewed and a copy was provided to the taxpayer at the hearing.  An in-person collection due process hearing was held on 03/13/2002.  In attendance were the taxpayer, a taxpayer witness, Settlement Officer Donna Fisher, and Appeals Officer Tony Aguiar.  The hearing was audio recorded by the taxpayer and Settlement Officer Donna Fisher.

Settlement Officer Donna Fisher has had no prior involvement with respect to this tax liability.

**Issues Raised by the Taxpayer**

The taxpayer disagrees with the assessment.  He filed a zero income, zero tax due return, attached his W-2 Form showing taxable wages of $19,826.40, and received a full refund.  The Service completed an audit, and the taxpayer was issued a statutory notice of deficiency, dated 08/04/2000.  He received the statutory notice of deficiency and responded to it with a letter dated 10/06/2000 with one and a half pages of non-filer arguments.  As such, under the collection due process procedures, he may not raise as an issue the existence or amount of the underlying assessment.

The taxpayer stated he did not receive the letter of notice and demand. The certified transcript shows it was issued to him on 01/08/2001, at which time his last known address was 4104 E. Harmon as indicated by computer transcripts. The taxpayer also stated his address at that time was 4104 E. Harmon. This was the same address as it was when he received and responded to both the statutory notice of deficiency dated 08/04/2000, and the Letter 1058 dated 07/30/2001. Today he still lives at 4104 E. Harmon. Therefore, it is presumed he did receive the letter of notice and demand.

The taxpayer raised no non-frivolous arguments.

I raised the issue of collection alternatives with the taxpayer. He was not interested. He said he would pay the tax due if it could be proven to him that it was owed, but since he does not believe wages are income, this discussion was fruitless. In addition, since the taxpayer has not filed any returns since 1997, he is not in filing compliance, and therefore, is not now eligible for an offer in compromise or an installment agreement.

**Balancing the Need for Efficient Collection with Taxpayer Concerns**

The requirements of all applicable laws and administrative procedures have been met. The taxpayer received all his required notices. The assessment is valid. Given the taxpayer's continued lack of compliance with the tax laws, a levy or levies on his property or rights to property would not be considered more intrusive than necessary when balancing the government's need for efficient collection with his concerns.

<u>Discussion</u>

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

In petitioner's response to respondent's motion (peti-

tioner's response), petitioner contends that the following are genuine issues of material fact:  "Verification from the Secretary was not obtained by appeals officer" and "No statutory notice and demand was sent".[2]  The record in this case establishes that the Appeals officer obtained verification from the Secretary that the requirements of any applicable law or administrative procedure were met.  The record further establishes that respondent sent to petitioner a notice of balance due with respect to petitioner's unpaid liability for 1997, which, as discussed below, constitutes a notice and demand for payment under section 6303(a), Craig v. Commissioner, 119 T.C. 252, 262-263 (2002).  We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

With respect to petitioner's taxable year 1997, petitioner received a notice of deficiency, but he did not file a petition with respect to that notice.  In the petition, petitioner admits

---

[2]Petitioner also contends that the following are genuine issues of material fact:

> No statute establishes a liability for the income tax or requires the payment of the income tax

>    *       *       *       *       *       *       *

> Petitioner is not now, and has never been involved in any occupation requiring taxes be paid by stamp. * * *

The foregoing assertions do not raise genuine issues of material fact.  Those assertions raise frivolous legal arguments.

that he received the notice of deficiency and alleges that he "would have petitioned Tax Court if the agent who sent the notice could prove that she had the authority to do so." On the instant record, we find that petitioner may not challenge the existence or the amount of petitioner's unpaid liability for 1997. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Goza v. Commissioner, 114 T.C. 176, 182-183 (2000).

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.

As was true of petitioner's attachment to his 1997 return, petitioner's October 6, 2000 letter, and petitioner's attachment to Form 12153, petitioner's response contains contentions, arguments, and requests that the Court finds to be frivolous and/or groundless. To illustrate, petitioner argues that he "has not received proper Notice and Demand" under section 6303(a). That is because, according to petitioner, respondent must use Form 17 in issuing such notice and demand.

We reject petitioner's argument that respondent did not issue the notice and demand required by section 6303(a). Form 4340 with respect to petitioner's taxable year 1997 shows that respondent sent petitioner a notice of balance due on January 8,

2001, the same day on which respondent assessed petitioner's tax, as well as any penalties and interest as provided by law, for his taxable year 1997.  A notice of balance due constitutes the notice and demand for payment under section 6303(a).  Craig v. Commissioner, supra.  Respondent is not required to use Form 17 as the notice and demand for payment.  E.g., Keene v. Commissioner, T.C. Memo. 2002-277; Tapio v. Commissioner, T.C. Memo. 2002-141.

As a further illustration of the frivolous and/or groundless nature of petitioner's position in this case, petitioner contends in petitioner's response that the Appeals officer failed to obtain verification that the requirements of any applicable law or administrative procedure have been met, as required by section 6330(c)(1).  In this regard, petitioner contends that the Appeals officer improperly relied on Form 4340 to meet the verification requirement of section 6330(c)(1).

As indicated above, the record establishes that the Appeals officer obtained verification from the Secretary that the requirements of any applicable law or administrative procedure were met, and we reject petitioner's contention to the contrary.  As for the Appeals officer's reliance on Form 4340, at the Appeals Office hearing, the Appeals officer relied on, and gave petitioner, Form 4340 with respect to petitioner's taxable year 1997.  Section 6330(c)(1) does not require the Appeals officer to rely

on a particular document to satisfy the verification requirement imposed by that section.[3]  Craig v. Commissioner, supra at 261-262.  Form 4340 is a valid verification that the requirements of any applicable law or administrative procedure have been met. Id. at 262.  Petitioner has not shown any irregularity in respondent's assessment procedure that would raise a question about the validity of the assessment or the information contained in Form 4340 with respect to petitioner's taxable year 1997.  We hold that the assessment with respect to petitioner's taxable year 1997 was valid and that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  See id.[4]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in

---

[3]Nor does sec. 6330(c)(1) require the Appeals officer to provide petitioner with a copy of the verification upon which the Appeals officer relied.  Craig v. Commissioner, 119 T.C. 252, 262 (2002).

[4]We shall not specifically address any additional matters, such as the following, which petitioner asserts in petitioner's response, all of which, as indicated above, the Court finds to be frivolous and/or groundless:

> This Court has repeatedly ignored taxpayers' requests that this Court identify the IR Code Section that establishes a liability for the income tax, by simply stating that this argument is "frivolous", instead of citing the alleged Code Section itself, if it exists. * * * Also, there is no entry under the "liability" heading in the index of the Internal Revenue Code for "income tax". * * * This Court has repeatedly refused to produce proper, legal delegations of authority from the Secretary to various employees of the IRS * * *

determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable year 1997.

In respondent's motion, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioner advances, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $500.

We have considered all of petitioner's contentions, argu-
ments, and requests that are not discussed herein, and we find
them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An appropriate order granting</u>

<u>respondent's motion and decision</u>

<u>will be entered for respondent</u>.