T.C. Memo. 2003-72


UNITED STATES TAX COURT


G. ROBERT LYMAN AND SHARI LEE WRIGHT LYMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10371-02L.                    Filed March 13, 2003.


G. Robert Lyman and Shari Lee Wright Lyman, pro sese.

<u>Wendy S. Harris</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  This case is before the Court on

respondent's motion for summary judgment and to impose a penalty

under section 6673 (respondent's motion).[1]  We shall grant

_____

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioners' mailing address was in Moapa, Nevada, at the time they filed the petition in this case.

On or about April 14, 1998, petitioners filed jointly a Federal income tax (tax) return for their taxable year 1997 (1997 joint return). In their 1997 joint return, petitioners reported total income of $0, total tax of $0, and claimed a refund of $1,102.51 of tax withheld. Petitioners attached to their 1997 joint return two Forms W-2, Wage and Tax Statement, reporting wages, tips, and other compensation totaling $47,639.38. Petitioners also attached a document to their 1997 joint return (petitioners' attachment to their 1997 joint return) that contained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[2]

On April 15, 1999, petitioners filed jointly a tax return for their taxable year 1998 (1998 joint return). In their 1998 joint return, petitioners reported total income of $0 and total tax of $0. Petitioners attached a document to their 1998 joint

---

[2]Petitioners' attachment to their 1997 joint return is very similar to the documents that certain other taxpayers with cases in the Court attached to their tax returns. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

return (petitioners' attachment to their 1998 joint return) that contained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[3]

On February 18, 2000, respondent issued to petitioners a notice of deficiency (notice) with respect to their taxable year 1997, and on March 10, 2000, respondent issued to them a notice with respect to their taxable year 1998, both of which they received. In the notice relating to petitioners' taxable year 1997, respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioners' tax for that year in the respective amounts of $6,452.10 and $1,069.92. In the notice relating to petitioners' taxable year 1998, respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioners' tax for that year in the respective amounts of $6,086 and $1,217.20.

Petitioners did not file a petition in the Court with respect to the notice relating to their taxable year 1997 or the notice relating to their taxable year 1998.

On July 31, 2000, and August 28, 2000, respectively, respondent assessed petitioners' tax, as well as any penalties and interest as provided by law, for their taxable years 1997 and

---

[3]Petitioners' attachment to their 1998 joint return is very similar to the documents that certain other taxpayers with cases in the Court attached to their tax returns. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

1998.  (We shall refer to those assessed amounts, as well as interest provided by law accrued after July 31, 2000, and August 28, 2000, respectively, as petitioners' unpaid liability for each of their taxable years 1997 and 1998.)

On July 31, 2000, and August 28, 2000, respectively, respondent issued to petitioners notices of balance due with respect to petitioners' unpaid liabilities for their taxable years 1997 and 1998.  On September 4, 2000, and October 2, 2000, respectively, respondent issued additional notices of balance due with respect to such unpaid liabilities.

On July 24, 2001, respondent issued to petitioners a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to their unpaid liability for their taxable year 1998.  On July 31, 2001, respondent issued to petitioners a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to petitioners' unpaid liability for each of their taxable years 1997 and 1998.

On or about August 30, 2001, in response to the notice of intent to levy and the notice of tax lien, petitioners filed Form 12153, Request for a Collection Due Process Hearing (Form 12153),[4] and requested a hearing with respondent's Appeals Office

---

[4]Petitioner Shari Lee Wright Lyman (Ms. Lyman) did not sign Form 12153 that petitioner G. Robert Lyman (Mr. Lyman) filed with respondent.  On Apr. 5, 2002, respondent accepted a ratification of that form by Ms. Lyman.

(Appeals Office). Petitioners attached a document to their Form

12153 (petitioners' attachment to Form 12153) that contained

statements, contentions, and arguments that the Court finds to be

frivolous and/or groundless.[5]

On February 25, 2002, a settlement officer with the Appeals

Office (settlement officer) sent petitioners a letter. That

letter stated in pertinent part:

> Per our recent telephone conversation I have scheduled
> the Collection Due Process hearing you requested on
> this case for the time and date shown above [April 5,
> 2002] * * *
>
> Appeals' jurisdiction to hear your case is specified in
> the Internal Revenue Code, Sections 6320 and 6330, and
> the related federal regulations. Appeals will consider
> the appropriateness of the proposed collection action,
> spousal defenses, and collection alternatives. If you
> received a statutory notice of deficiency * * * you may
> not raise as an issue the amount or existence of the
> underlying assessment. * * *
>
> I am enclosing the most recent copies of literal tran-
> scripts of your account for the above years [1997 and
> 1998] and plan to have updated transcripts for you at
> the hearing. Your request for additional documents is
> properly made under the Freedom of Information Act.
> You will need to send your request to the Disclosure
> Officer at [the] Internal Revenue Service, 210 E.
> Earll, Phoenix, Arizona 85012.
>
> I have reviewed the correspondence you attached to your
> request for the collection due process hearing and

---

[5]Petitioners' attachment to Form 12153 contained statements, contentions, arguments, and requests that are similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

would like to point out that the courts have previously ruled against your arguments, and in some instances, have imposed sanctions. I am hopeful that you wish to discuss legitimate issues and alternatives for resolving your case at the hearing.

On April 5, 2002, the settlement officer held an Appeals Office hearing with petitioners with respect to the notice of intent to levy relating to petitioners' taxable year 1998 and the notice of tax lien relating to their taxable years 1997 and 1998. At the Appeals Office hearing, the settlement officer gave petitioners, inter alia, Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with respect to each of their taxable years 1997 and 1998.

On May 16, 2002, the Appeals Office issued to Mr. Lyman a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) with respect to the notice of intent to levy relating to taxable year 1998 and issued to Ms. Lyman a separate notice of determination with respect to that notice of intent to levy. On May 16, 2002, the Appeals Office also issued to Mr. Lyman a notice of determination with respect to the notice of tax lien relating to taxable years 1997 and 1998 and issued to Ms. Lyman a separate notice of determination with respect to that notice of tax lien. An attachment to each of those four notices of determination stated in pertinent part:

**Verification of Legal and Procedural Requirements**

The Secretary has provided sufficient verification that the requirements of any applicable law or administrative procedure have been met.

Certified account transcripts, Forms 4340, were requested and reviewed along with the administrative return files for 1997 and 1998. The liabilities for these years were based upon an examination of the taxpayer's zero income, zero tax due returns that were filed. The taxes have been assessed and remain unpaid.

* * * On 2/18/00 a statutory notice of deficiency was issued to the taxpayers for the 1997 year to the taxpayers last known address. On 3/10/00 a statutory notice of deficiency was issued to the taxpayers for the 1998 year to the taxpayers last known address. * * * The taxpayers did not petition Tax Court. The taxpayers are precluded from raising the liability as an issue as they were previously provided an opportunity to dispute the assessment of tax and did not do so. The taxes were assessed on 07/31/00 and 08/28/00 respectively.

A notice and demand letter was issued by regular mail on 7/31/00 for the 1997 year and on 08/28/00 for the 1998 year to the taxpayer's last known address as required under IRC §6303. Letter 1058, meeting the notice condition imposed by IRC §6331(d) and IRC 6330, was dated 07/24/01 and sent to the taxpayer's last known address by certified mail for the 1998 year only. The Letter 3172, meeting the notice condition imposed by IRC §6320 was dated 07/31/01 and sent to the taxpayer's last known address by certified mail for the 1997 and 1998 years. The taxpayers responded timely with a Request for a Collection Due Process Hearing, Form 12153, received on 08/30/01.

The collection due process hearing was held on April 5, 2002. * * *

Settlement Officer Renee Swall has had no prior involvement with respect to these liabilities.

**Issues Raised by the Taxpayer**

On the Form 12153 the taxpayer listed the 1997 and 1998

years and marked the NFTL block. However, attached to the Form 12153 is the Letter 1058, Notice of Intent to Levy. Also attached to the Form 12153 are two pages of constitutional arguments. As part of their argument the taxpayers requested copies of verification from the Secretary, copies of position descriptions, and other documents. * * *

    *       *       *       *       *       *       *

At the hearing certified transcripts, Forms 4340, were provided to the taxpayers. I attempted to review with the taxpayers the 1997 and 1998 return files and the certified transcripts. The taxpayers continued to raise only frivolous arguments, such as requesting position descriptions for those who signed documents such as the Form 4340 and requesting the verification that I was to provide to them that any applicable law or administrative procedure had been met per IRC §6330(c)(1). * * * The taxpayers raised no relevant issues at the hearing. They did state that they could raise the issue of the underlying assessments, however, the taxpayers were advised that they received the statutory notices of deficiency and could not raise this issue. The taxpayers did not dispute the fact that they had received the statutory notices of deficiency. * * *

During the hearing the taxpayers were asked if they would like to discuss collection alternatives such as an installment agreement. The taxpayers indicated that they would write a check for payment of the taxes if I could provide the code section that required them to pay taxes. The taxpayers do not believe that wages are income and do not believe that the tax laws apply to them. * * *

I did provide to the taxpayers copies of court cases on T. Pierson and R. Davis, along with the Publication 2105, Why Do I Have to Pay Taxes, and a handout, The Truth About Frivolous Tax Arguments.

The taxpayers raised no other non-frivolous issues.

**Balancing the Need for Efficient Collection with Taxpayer Concerns.**

The requirements of all applicable laws and administra-

tive procedures have been met.  The courts have previously addressed the taxpayers' arguments, and Appeals does not have the authority for reconsideration of the matters.

The assessments are valid and the Service followed proper procedures in making the assessments.  The taxpayers received their required notices and the notice of intent to levy is appropriate.  The filing of the Notice of Federal Tax Lien was also appropriate to protect the Government's interest.  The taxpayer was given an opportunity at the hearing to arrange for payment of the taxes.  The taxpayer refused to discuss collection alternatives.  Given the taxpayer's history of non-compliance, I believe that collection action in the form of levy should be allowed to proceed.  Lacking the taxpayer's cooperation, the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. [Reproduced literally.]

### Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

As was true of petitioners' attachment to their 1997 joint

return, petitioners' attachment to their 1998 joint return, and petitioners' attachment to Form 12153, petitioners' response contains contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[6]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection actions as determined in petitioners' notices of determination with respect to petitioners' taxable years 1997 and 1998.

In respondent's motion, respondent requests that the Court require petitioners to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposi-

---

[6]The contentions, arguments, and requests set forth in petitioners' response are very similar to the contentions, arguments, and requests set forth in responses by certain other taxpayers with cases in the Court to motions for summary judgment and to impose a penalty under sec. 6673 filed by the Commissioner of Internal Revenue in such other cases. See, e.g., Smith v. Commissioner, T.C. Memo. 2003-45.

tion of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.[7]

In the instant case, petitioners advance, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources.  We shall impose a penalty on petitioners pursuant to section 6673(a)(1) in the amount of $3,000.

We have considered all of petitioners' contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

> An appropriate order granting respondent's motion and decision will be entered for respondent.

---

[7]The record in this case reflects that the settlement officer gave petitioners, inter alia, a copy of the Court's opinion in Pierson v. Commissioner, 115 T.C. 576 (2000).