T.C. Memo. 2003-80


UNITED STATES TAX COURT


LUIS A. CORTES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13154-02L.                    Filed March 19, 2003.


Luis A. Cortes, pro se.

Rollin G. Thorley, for respondent.


MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment and to impose a penalty under
section 6673[1] (respondent's motion).  We shall grant respondent's

_____

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Henderson, Nevada, at the time he filed the petition in this case.

On or about April 15, 1996, petitioner filed a Federal income tax (tax) return for his taxable year 1995 (1995 return). In his 1995 return, petitioner reported total income of $0, total tax of $0, and claimed a refund of $2,143 consisting of tax withheld of $49 and an earned income credit of $2,094. On April 29, 1996, respondent offset the $2,143 refund that petitioner claimed in his 1995 return against a nontax liability.

On March 25, 1998, respondent issued to petitioner a notice of deficiency (notice) with respect to his taxable year 1995, which he received. In that notice, respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioner's tax for his taxable year 1995 in the respective amounts of $508 and $102.

Petitioner did not file a petition in the Court with respect to the notice relating to his taxable year 1995.

On September 7, 1998, respondent assessed petitioner's tax, as well as a penalty and interest as provided by law, for his taxable year 1995. (We shall refer to those assessed amounts, as

well as interest as provided by law accrued after September 7, 1998, as petitioner's unpaid liability for 1995.)

On February 9, September 7, October 12, and December 28, 1998, and April 12, 1999, respondent issued to petitioner separate notices of balance due with respect to petitioner's unpaid liability for 1995.

On or about April 15, 2000, petitioner filed a tax return for his taxable year 1999 (1999 return). In his 1999 return, petitioner reported total income of $9,269 and total tax of $3,872. When petitioner filed his 1999 return, he did not pay the amount of tax that he owed for that year.

On May 22, 2000, respondent assessed petitioner's tax, as well as any penalties and interest as provided by law, for his taxable year 1999. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after May 22, 2000, as petitioner's unpaid liability for 1999.)

On May 22, 2000, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for 1999. On June 26, 2000, respondent issued a second notice of balance due with respect to such unpaid liability.

On August 31, 2000, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to his taxable years 1995 and 1999. That notice showed in pertinent part:

| Type of Tax | Period Ending | Assessed Balance | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-1995 | $462.53 | $105.63 | $568.16 |
| 1040 | 12-31-1999 | 3,946.11 | 234.32 | 4,180.43 |

On or about September 28, 2000, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioner attached a document to his Form 12153 (petitioner's attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[2]

On February 28, 2001, respondent's Appeals officer (Appeals officer) held an Appeals Office hearing with petitioner with respect to the notice of intent to levy. On May 8, 2001, the Appeals officer held a second Appeals Office hearing (May 8, 2001 hearing) with petitioner with respect to the notice of intent to levy. At the May 8, 2001 hearing, petitioner provided the Appeals officer with a copy of Form 1040X, Amended U.S. Individual Income Tax Return, for his taxable year 1999 (amended 1999 return). In his amended 1999 return, petitioner reported total

---

[2]Petitioner's attachment to Form 12153 contained statements, contentions, arguments, and requests that are similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

income of $0 and total tax of $0.

On a date not disclosed by the record, but before respondent issued a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination), the Appeals officer provided petitioner with a certified transcript of his account with respect to each of his taxable years 1995 and 1999.

On July 11, 2001, the Appeals Office issued to petitioner a notice of determination with respect to petitioner's unpaid liability for each of his taxable years 1995 and 1999.  An attachment to the notice of determination stated in pertinent part:

Verification of Legal and Procedural Requirements

The Secretary has provided sufficient verification that the requirements of any applicable law or administrative procedure have been met.  Certified transcripts were requested and reviewed and copies provided to you.

Notice and demand was issued by regular mail for the above years to your last known address, as required under IRC 6303.  The Final Notice of Intent to Levy (Letter 1058) was sent by certified mail dated August 31, 2000.  You responded timely with a request for a Collection Due Process Hearing.

This Appeals Officer has had no prior involvement with respect to these liabilities.

Issues Raised by the Taxpayer

The case file shows you were audited for 1995, issued a statutory notice for 1995 and choose [sic] not to file a petition for 1995 contesting the tax liability.  In addition the case file shows you filed a 1040 for 1999. At the hearing held on May 8, 2000 [sic] you provided

me with a copy of an amended return for 1999 claiming you had no statutory income to report and are entitled to a refund.

Attached to the Form 12153, Request for a Collection Due Process Hearing you attached a page disputing the authority of the Service to assess and collect income tax. At the hearing you stated you did not believe you received the Statutory Notice of Deficiency issued for 1995 yet per the records in the file the address the statutory notice was sent to you was your last known address. No evidence was provided to show it was not your last known address. You did not petition so the amount per the statutory notice was assessed. The assessment is valid. As for the 1999 1040 it was originally filed with income tax owing. An assessment was made based on the 1040 filed. The assessment is valid.

At the hearing, the Appeals Officer attempted to discuss collection alternatives but you stated that your collection alternative would be to full [sic] pay if it could be proven to you that you owed it. You did not raise any other collection alternatives.

Balancing Efficient Collection

You received all required notices. You were given the opportunity at the hearing to arrange for payment of the liability but you neglected to do so. You have neglected or refused to pay. It is Appeals determination that the government should be allowed to proceed with its proposed enforcement action, its intent to levy. Lacking your cooperation, the proposed collection action balances the need for efficient collection with your concern that any collection action be no more intrusive than necessary.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We

conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Where the validity of the underlying tax liability is properly placed at issue, the Court will review the matter on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

With respect to petitioner's taxable year 1995, petitioner received a notice of deficiency, but he did not file a petition with respect to that notice. On the instant record, we find that petitioner may not challenge the existence or the amount of petitioner's unpaid liability for 1995.

With respect to petitioner's taxable year 1999, petitioner did not receive a notice of deficiency. The record in this case establishes that petitioner filed a 1999 return in which he reported total income of $9,269 and total tax of $3,872. When petitioner filed his 1999 return, he did not pay the amount of tax that he owed for that year. Respondent based petitioner's assessment with respect to his taxable year 1999 on petitioner's 1999 return. At the Appeals Office hearing, petitioner provided the Appeals officer with a copy of an amended 1999 return in

which he reported total income of $0 and total tax of $0.
Petitioner argued to the Appeals Office that he had no "statutory
income to report" and is not "liable to pay" petitioner's unpaid
liability for 1999.  The Court finds those arguments to be
frivolous and groundless.

We now turn to the remaining issues that petitioner raised
in petitioner's response (petitioner's response) to respondent's
motion with respect to petitioner's notice of determination,
which we shall review for abuse of discretion.  Sego v. Commis-
sioner, supra; Goza v. Commissioner, supra.  As was true of
petitioner's attachment to Form 12153, petitioner's response
contains contentions, arguments, and requests that the Court
finds to be frivolous and/or groundless.[3]

Based upon our examination of the entire record before us,
we find that respondent did not abuse respondent's discretion in
determining to proceed with the collection action as determined
in the notice of determination with respect to petitioner's
taxable years 1995 and 1999.

In respondent's motion, respondent requests that the Court
require petitioner to pay a penalty to the United States pursuant

---

[3]The contentions, arguments, and requests set forth in
petitioner's response are very similar to the contentions,
arguments, and requests set forth in responses by certain other
taxpayers with cases in the Court to motions for summary judgment
and to impose a penalty under sec. 6673 filed by the Commissioner
of Internal Revenue in such other cases.  See, e.g., Smith v.
Commissioner, T.C. Memo. 2003-45.

to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioner advances, we believe primarily for delay,[4] frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,000.

---

[4]We note that the notice of determination issued to petitioner informed him that if he wanted to dispute the determination in court, he had to file a petition in this Court. Contrary to that direction, on Aug. 10, 2001, petitioner filed a petition in the United States District Court for the District of Nevada (United States District Court) seeking review of the notice of determination. On July 11, 2002, the United States District Court dismissed petitioner's case for lack of jurisdiction.

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

An order granting respondent's motion and decision will be entered for respondent.