T.C. Memo. 2003-89

UNITED STATES TAX COURT

DANIEL E. DUNCAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13979-02L.                    Filed March 26, 2003.

Daniel E. Duncan, pro se.

<u>Rollin G. Thorley</u>, for respondent.


MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment and to impose a penalty under section 6673[1] (respondent's motion).  We shall grant respondent's

_____

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

motion.

## Background

The record establishes and/or the parties do not dispute the
following.

Petitioner resided in Las Vegas, Nevada, at the time he
filed the petition in this case.

On or about October 15, 1998, petitioner filed a Federal
income tax (tax) return for his taxable year 1997 (1997 return).
In his 1997 return, petitioner reported total income of $0, total
tax of $0, and claimed a refund of $560 of tax withheld. Peti-
tioner attached to his 1997 return five Forms W-2, Wage and Tax
Statement (Form W-2), reporting wages, tips, and other compensa-
tion totaling $29,977.42. Petitioner also attached a document to
his 1997 return (petitioner's attachment to his 1997 return) that
contained statements, contentions, and arguments that the Court
finds to be frivolous and/or groundless.[2]

On or about April 15, 1999, petitioner filed a tax return
for his taxable year 1998 (1998 return). In his 1998 return,
petitioner reported total income of $0, total tax of $0, and
claimed a refund of $1,830.69 of tax withheld. Petitioner
attached to his 1998 return three Forms W-2 reporting wages,

---

[2]Petitioner's attachment to his 1997 return is very similar
to the documents that certain other taxpayers with cases in the
Court attached to their tax returns. See, e.g., Copeland v.
Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C.
Memo. 2003-45.

tips, and other compensation totaling $34,719.  Petitioner also attached a document to that return (petitioner's attachment to his 1998 return) that contained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[3]

On July 2, 1999, and February 11, 2000, respectively, respondent issued to petitioner notices of deficiency with respect to his taxable years 1997 and 1998, which he received. In the notice of deficiency (notice) relating to petitioner's taxable year 1997, respondent determined a deficiency in, an addition under section 6651(a)(1) to, and an accuracy-related penalty under section 6662 on, petitioner's tax for that year in the respective amounts of $5,273, $1,178.25, and $942.60.  In the notice relating to petitioner's taxable year 1998, respondent determined a deficiency in, and an accuracy-related penalty under section 6662 on, petitioner's tax for that year in the respective amounts of $4,482 and $530.26.

Petitioner did not file a petition in the Court with respect to the notice relating to his taxable year 1997.  Instead, on July 15, 1999, in response to the notice with respect to petitioner's taxable year 1997, petitioner sent a letter (peti-

---

[3]Petitioner's attachment to his 1998 return is very similar to the documents that certain other taxpayers with cases in the Court attached to their tax returns.  See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

tioner's July 15, 1999 letter) to the Internal Revenue Service that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[4]

Petitioner did not file a petition in the Court with respect to the notice relating to his taxable year 1998.

On January 3, 2000, respondent assessed petitioner's tax, as well as an addition to tax, a penalty, and interest as provided by law, for his taxable year 1997. On August 28, 2000, respondent assessed petitioner's tax, as well as a penalty and interest as provided by law, for his taxable year 1998. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after January 3, 2000, and August 28, 2000, respectively, as petitioner's unpaid liabilities for his taxable years 1997 and 1998.)

On January 3, 2000, and August 28, 2000, respectively, respondent issued to petitioner notices of balance due with respect to petitioner's unpaid liabilities for his taxable years 1997 and 1998. On February 7, 2000, respondent issued a second notice of balance due with respect to petitioner's unpaid liability for his taxable year 1997.

On April 4, 2001, respondent issued to petitioner a notice

---

[4]Petitioner's July 15, 1999 letter is very similar to the letters that certain other taxpayers with cases in the Court sent to the Internal Revenue Service in response to the notices issued to them. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to his taxable years 1997 and 1998. On or about April 21, 2001, in response to the notice of tax lien, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153 regarding notice of tax lien), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioner attached, inter alia, several documents to Form 12153 regarding his notice of tax lien (petitioner's attachments to Form 12153 regarding notice of tax lien) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[5]

On June 23, 2001, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to his taxable years 1997 and 1998. On July 6, 2001, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153 regarding notice of intent to levy), and requested a hearing with the Appeals Office. Petitioner attached, inter alia, several documents to Form 12153

---

[5]Petitioner's attachments to Form 12153 regarding notice of tax lien contained statements, contentions, arguments, and requests that are similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

regarding notice of intent to levy (petitioner's attachments to Form 12153 regarding notice of levy) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[6]

On April 10, 2002, a settlement officer with the Appeals Office (settlement officer) sent petitioner a letter (settlement officer's April 10, 2002 letter). That letter stated in pertinent part:

> I have scheduled the Collection Due Process hearing you requested on this case for the time and date shown above [May 14, 2002]. * * *
>
>      *      *      *      *      *      *      *
>
> Appeals' jurisdiction to hear your case is specified in the Internal Revenue code [sic], Sections 6320 and 6330, and the related federal regulations. Appeals will consider the appropriateness of the proposed collection action, spousal defenses, and collection alternatives. If you received a statutory notice of deficiency * * * you may not raise as an issue the amount or existence of the underlying assessment. * * *
>
> I am also enclosing Forms 2866, Certificate of Official Record, and Forms 4340, Certificate of Assessment for the Forms 1040EZ for the 1997 and 1998 tax years, * * *. These documents meet the verification requirements under IRC §6330(c)(1). Your request for additional information should be made under the Freedom of Information Act through the Disclosure Officer located at the Internal Revenue Service, 210 E. Earll, Phoenix, Arizona 85012.

---

[6]Petitioner's attachments to Form 12153 regarding notice of intent to levy are similar to the types of attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

I have reviewed the correspondence you attached to your requests for the collection due process hearings and would like to point out that the courts have previously ruled against your arguments, and in some instances, have imposed sanctions. I have verified the validity of the assessments through the review of the complete computer transcripts, the tax return files and related workpapers. I have no further legal obligation to consider any challenge to the validity of the assessment in the absence of independent proof that the assessment was defective in some manner. I am hopeful that you wish to discuss legitimate issues and alternatives for resolving your case at the upcoming hearing. I will have the original tax return for 1997 and 1998 available for your review at the hearing * * *

On May 3, 2002, the settlement officer sent petitioner

another letter. That letter stated in pertinent part:

I am writing to you regarding the upcoming collection due process hearing set for May 14, 2002 at 10:00 a.m. at the Las Vegas Appeals Office.

There has been a recent change in the audio recording or stenographic recording of hearings before Appeals. This practice will no longer be permitted. Your correspondence with the request for the collection due process hearing does not state if you wish to record, however, I wanted to make you aware of this change in the event you had planned to record the hearing or hire someone to stenographically record the hearing.

The recording of hearings has always been discretionary for Appeals under IRC §7521. You may still have a witness present at the hearing; however, this witness may not represent you or negotiate for you.

Shortly before May 8, 2002, in response to the settlement

officer's April 10, 2002 letter, petitioner sent the settlement

officer a letter (petitioner's May 8, 2002 letter) indicating

that petitioner intended to attend the Appeals Office hearing

scheduled for May 14, 2002. That letter also contained state-

ments, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[7]

On May 14, 2002, the settlement officer held an Appeals Office hearing with petitioner with respect to the notice of tax lien and notice of intent to levy. Prior to the Appeals Office hearing, the settlement officer gave petitioner Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect to each of petitioner's taxable years 1997 and 1998.

On July 30, 2002, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). An attachment to the notice of determination stated in pertinent part:

> **Verification of Legal and Procedural Requirements**
>
> The Secretary has provided sufficient verification that the requirements of any applicable law or administrative procedure have been met.
>
> Certified account transcripts, Forms 4340, were requested and reviewed along with the administrative return files for 1997 and 1998. * * *
>
>     *       *       *       *       *       *       *
>
> The collection due process hearing was held on May 14,

---

[7]Petitioner's May 8, 2002 letter contained statements, contentions, arguments, and requests that are similar to the types of statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

2002 * * *. This hearing was not audio or stenographi-
cally recorded. The taxpayer was advised prior to the
hearing by letter that no audio recording or steno-
graphic recording would be allowed per a directive
issued by the Acting Chief of Appeals dated 05/02/02.

    *       *       *       *       *       *       *

**Issues Raised by the Taxpayer**

    *       *       *       *       *       *       *

At the hearing Appeals attempted to review with the
taxpayer the certified transcripts, Forms 4340, the
return packages, the statutory notices of deficiency,
and the basis of assessments based on the wages re-
ported. The taxpayer only raised non-filer arguments
and stated that he had only attached the Forms W-2 to
claim a refund of the withholding. The taxpayer stated
that he did not believe that wages are income. The
taxpayer was advised that he had received the statutory
notices of deficiency for the 1997 and 1998 years for
the assessment of the individual income tax liabilities
and was precluded from raising this issue at the col-
lection due process hearing. * * *

When the taxpayer was asked if he wished to discuss
collection alternatives, he stated that he was inter-
ested in knowing if Appeals could point out the site
[sic] where the Internal Revenue Code stated that he
was liable for taxes. Due to the fact that the tax-
payer only continued to raise non-filer arguments and
in addition was not in filing compliance, collection
alternatives were not discussed. The taxpayer does not
believe that wages are income and does not believe that
the tax laws apply to him. The hearing was concluded.

Appeals did provide to the taxpayer recent court case
decisions on T. Pierson and R. Davis wherein the same
type of arguments were raised and the taxpayer was
advised that in some instances sanctions were being
imposed for raising these arguments.

The taxpayer raised no other non-frivolous issues.

**Balancing the Need for Efficient Collection with Tax-
payer Concerns**

The requirements of all applicable laws and administra-
tive procedures have been met.  The courts have previ-
ously addressed the taxpayers' [sic] arguments, and
Appeals does not have the authority for reconsideration
of the matters.

The assessments for income tax for 1997 and 1998 are
valid and the Service followed proper procedures in
making these assessments.  The taxpayer received his
statutory notices of deficiency and is precluded from
raising this issue under the collection due process
criteria.

The taxpayer received his required notice and demand
and the notice of intent to levy is appropriate. * * *
Given the taxpayer's history of non-compliance, I
believe that collection action in the form of levy
should be allowed to proceed.

In addition, the filing of the NFTL was also appropri-
ate and the proper procedures were followed in filing
the lien.  The lien will not be withdrawn or released.
Due to the taxpayer's non-compliance with the filing
returns, no collection alternatives could be discussed.

Lacking the taxpayer's cooperation, the proposed col-
lection action balances the need for efficient collec-
tion of taxes with the taxpayer's legitimate concern
that any collection action be no more intrusive than
necessary.

## Discussion

The Court may grant summary judgment where there is no

genuine issue of material fact and a decision may be rendered as

a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner,

98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We

conclude that there are no genuine issues of material fact

regarding the questions raised in respondent's motion.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

As was true of petitioner's attachment to his 1997 return, petitioner's attachment to his 1998 return, petitioner's July 15, 1999 letter, petitioner's attachments to Form 12153 regarding notice of tax lien, petitioner's attachments to Form 12153 regarding notice of levy, and petitioner's May 8, 2002 letter, petitioner's response to respondent's motion (petitioner's response) contains contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[8]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection actions as determined in the notice of determination with respect to petitioner's taxable years 1997 and 1998.

In respondent's motion, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant

---

[8]The contentions, arguments, and requests set forth in petitioner's response are very similar to the contentions, arguments, and requests set forth in responses by certain other taxpayers with cases in the Court to motions for summary judgment and to impose a penalty under sec. 6673 filed by the Commissioner of Internal Revenue in such other cases. See, e.g., Fink v. Commissioner, T.C. Memo. 2003-61.

to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.[9]

In the instant case, petitioner advances, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $2,500.

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find

---

[9]The record in this case reflects that the settlement officer gave petitioner, inter alia, a copy of the Court's opinion in Pierson v. Commissioner, 115 T.C. 576 (2000).

them to be without merit and/or irrelevant.[10]

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision will be entered for respondent</u>.

---

[10]We note that in petitioner's response petitioner contends that "the law (26USC 7521) [sic] clearly provides that Petitioner had a right to tape the CDP hearing at issue" and that he "is entitled to a summary judgment just on the ground that he was denied the right to make a tape recording & a stenographic recording." We shall not address petitioner's contention. That is because, assuming arguendo that sec. 7521(a)(1) were applicable in the case of an Appeals Office hearing under sec. 6320(b)(1) and/or sec. 6330(b)(1), the record does not establish that petitioner complied with the requirement of sec. 7521(a)(1) that he present respondent with his request to make an audio recording of his Appeals Office hearing in advance of that hearing.