T.C. Memo. 2005-89

UNITED STATES TAX COURT

RONALD LEE SNYDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6315-03L.                    Filed April 25, 2005.

Ronald Lee Snyder, pro se.

<u>Michelle M. Lippert</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).[1]  We
shall grant respondent's motion.[2]

––––––––––––––––––

[1]Although the Court ordered petitioner to file a response to
respondent's motion, petitioner failed to do so.

[2]Respondent concedes in respondent's motion that the "col-
(continued...)

## Background

The record establishes and/or the parties do not dispute the following.

At the time he filed the petition in this case, petitioner's mailing address was in Lancaster, Ohio.

On or about November 7, 1997, petitioner filed a Federal income tax (tax) return for his taxable year 1994 (1994 return). In his 1994 return, petitioner reported, inter alia, taxable income of $3,823 and tax of $574. Petitioner did not remit any payment with that return.

On December 29, 1997, respondent assessed petitioner's tax as reported in his return, as well as additions to tax under section 6651(a)(1)[3] and (2), and interest as provided by law for his taxable year 1994. (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after December 29, 1997, as petitioner's unpaid liability for 1994.)

_____

[2](...continued)
lection with respect to petitioner's tax year 1991 should not proceed" because the period of limitations for collection with respect to that year has expired. Respondent further states in respondent's motion that "petitioner's account was cleared to zero balance upon expiration of the collection statute of limitations". In light of respondent's concession with respect to petitioner's taxable year 1991, we shall address only petitioner's taxable years 1994, 1996, 1998, and 1999.

[3]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

On December 29, 1997, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for 1994.

On or about August 21, 1997, petitioner filed a tax return for his taxable year 1996 (1996 return). In his 1996 return, petitioner reported, inter alia, taxable income of $26,117 and tax of $4,195. Petitioner did not remit any payment with that return.

On September 22, 1997, respondent assessed petitioner's tax as reported in his return, as well as additions to tax under sections 6651(a)(1) and (2) and 6654(a), and interest as provided by law for his taxable year 1996. (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after September 22, 1997, as petitioner's unpaid liability for 1996.)

On May 5, 2003, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for 1996. On June 9, 2003, respondent issued to petitioner another notice of balance due with respect to such unpaid liability.

Petitioner filed a tax return for his taxable year 1998 (1998 return).[4] On June 22, 2001, respondent prepared a substi-

---

[4]The record does not establish what petitioner reported in his 1998 return. The record does establish that respondent imposed a frivolous return penalty on petitioner with respect to, inter alia, that return.

- 4 -

tute for return for that taxable year.

On or about September 7, 2000, petitioner filed a tax return for his taxable year 1999 (1999 return). In his 1999 return, petitioner reported taxable income of $0 and tax of $0. Petitioner remitted a $3 payment with that return.

On October 9, 2001, respondent issued to petitioner a notice of deficiency with respect to his taxable years 1998 and 1999, which he received. In that notice, respondent determined deficiencies in, additions to, and an accuracy-related penalty on petitioner's tax, as follows:

|      |            | Additions to Tax | | Accuracy-Related Penalty |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) | Sec. 6662(a) |
|------|------------|-----------------|--------------|--------------|
| 1998 | $8,080 | $423.50 | $45.03 | -- |
| 1999 | 11,766 | 687.25 | -- | $549.80 |

Petitioner did not file a petition with the Court with respect to the notice of deficiency relating to his taxable years 1998 and 1999. Instead, on December 17, 2001, in response to that notice, petitioner sent a letter to Charles O. Rossotti, who was at the time the Commissioner of the Internal Revenue. That letter stated in pertinent part:

> As the new Commissioner of Internal Revenue and one who is not a lawyer, you might still be shocked to discover that the payment of income tax is totally voluntary, and not mandatory - as you were probably misled to believe while employed in the private sector. If you don't believe me, ask your legal counsel to show you a Code Section that established a "liability" for income taxes and a requirement "to pay" such a tax * * *.
>
>     *      *      *      *      *      *      *

In accordance with the above, I am bringing to your attention a Deficiency Notice that I received from one of your underlings, and my response to it. David C. Gardin, Technical Support Manager (area 6), seems poised to break the law (and a number of constitutional prohibitions) by attempting to intimadate [sic] me into paying a tax that no law requires me to pay. * * *

On February 18, 2002, respondent assessed petitioner's tax and additions to tax as determined in the notice of deficiency, as well as interest as provided by law, for his taxable year 1998. On the same date, respondent assessed petitioner's tax and an addition to tax and an accuracy-related penalty as determined in the notice of deficiency, as well as interest as provided by law, for his taxable year 1999. (We shall refer to any such unpaid assessed amounts for petitioner's taxable years 1998 and 1999, as well as interest as provided by law accrued after February 18, 2002, as petitioner's respective unpaid liabilities for 1998 and 1999.)

On February 18, 2002, respondent issued to petitioner a notice of balance due with respect to petitioner's respective unpaid liabilities for 1998 and 1999. On May 5, 2003, respondent issued to petitioner a second notice of balance due with respect to such respective unpaid liabilities. On June 9, 2003, respondent issued to petitioner a third notice of balance due with respect to petitioner's respective unpaid liabilities for 1998 and 1999.

On May 29, 2002, respondent issued to petitioner a final

notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to his taxable years 1991, 1994, 1996, 1998, and 1999. On May 31, 2002, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to those same taxable years.

On or about June 27, 2002, in response to the notice of intent to levy and the notice of tax lien, petitioner mailed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). The Internal Revenue Service (IRS) received that form on July 1, 2002. Petitioner attached a document to his Form 12153 (petitioner's attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[5]

The Appeals Office determined that petitioner's Form 12153 was timely filed with respect to the notice of tax lien but was not timely filed with respect to the notice of intent to levy.[6]

---

[5]Petitioner's attachment to Form 12153 contained statements, contentions, arguments, and requests that are very similar to the statements, contentions, arguments, and requests contained in the attachments to respective Forms 12153 filed with the IRS by certain other taxpayers who commenced proceedings in the Court. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

[6]As discussed below, respondent now acknowledges that peti-
(continued...)

On January 16, 2003, a settlement officer with respondent's Appeals Office (settlement officer) held one hearing with petitioner that the settlement officer considered to be both an Appeals Office hearing with respect to the notice of tax lien and an equivalent hearing with respect to the notice of intent to levy. During that hearing, the settlement officer relied on a transcript of petitioner's account with respect to each of his taxable years 1991, 1994, 1996, 1998, and 1999.

On March 25, 2003, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 (notice of determination) in which that office sustained the notice of tax lien. An attachment to the notice of determination stated in pertinent part:

**BRIEF BACKGROUND**

The taxpayer filed voluntary income tax returns for 1991, 1994, 1996. The Collection Statute has since expired on the 1991 tax liability. The taxpayer filed frivolous returns for 1997, 1998 and 1999. Frivolous return penalties were assessed for each of these three years. The taxpayer has filed no income tax returns since 1999 even though income information reported to the Internal Revenue Service indicates that he would have a filing requirement.

\* \* \* \* \* \* \*

---

[6](...continued)
tioner's Form 12153 was timely filed with respect to the notice of intent to levy.

## I.   Verification of Legal and Procedural Requirements

The required notice and demand was sent for each period on the same date as the assessment.

    *        *        *        *        *        *        *

With the best information available including computer records and the administrative file it has been determined that all applicable legal and administrative requirements have been met.

This settlement officer has had no known previous dealings with this taxpayer for the tax liability for the periods listed above.

    *        *        *        *        *        *        *

## II.  Issues Raised by the Taxpayer

The taxpayer had an earlier opportunity to raise issues concerning the underlying tax liability for the 1998 and 1999 tax liability.  A Statutory Notice of Deficiency (SND) was issued for these assessments.  It is known that the taxpayer received a copy of this notice because he provided a copy of it with his appeal request.  The tax liability on earlier periods [including 1994 and 1996] is based upon voluntarily filed tax returns.

The taxpayer has not filed delinquent returns for 2000 and 2001.  This precluded discussion of collection alternatives.

    *        *        *        *        *        *        *

The taxpayer did not raise any relevant issues to challenge the appropriateness of the NFTL and none of the conditions for considering withdraw [sic] of the NFTL exist in this case.

The taxpayer has raised only frivolous arguments. During the hearing, the taxpayer was unwilling to discuss the legitimate issues.

The taxpayer did not raise any other relevant issues.

**III.** **Balancing the Need for Efficient Collection with the Taxpayer's Concern that the Collection Action be no More Intrusive than Necessary**

**Has efficient tax collection been balanced with concern regarding intrusiveness of the proposed collection action?**

IRC §6330 requires that the Settlement Officer consider whether any collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.

The taxpayer has not participated meaningfully in trying to resolve his tax liability and has insisted instead on using frivolous arguments, which have repeatedly been dismissed by the courts.

Appeals sustains Collection's decision to file the NFTL.

On March 25, 2003, respondent issued to petitioner a decision letter concerning equivalent hearing under section 6330 (decision letter) with respect to the notice of intent to levy. That letter stated in pertinent part:

We have reviewed the proposed collection action for the period(s) shown above [including 1994, 1996, 1998, and 1999]. This letter is our decision on your case. A summary of our decision is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

Your due process hearing request was not timely filed within the time prescribed under Section 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC section 6330.

A statement attached to the decision letter provided in pertinent part:

**BRIEF BACKGROUND**

The taxpayer filed voluntary income tax returns for 1991, 1994, 1996.  The Collection Statute has since expired on the 1991 tax liability.  The taxpayer filed frivolous returns for 1997, 1998 and 1999.  Frivolous return penalties were assessed for each of these three years.  The taxpayer has filed no income tax returns since 1999 even though income information reported to the Internal Revenue Service indicates that he would have a filing requirement.

    *        *        *        *        *        *        *

## I.    Verification of Legal and Procedural Requirements

The required notice and demand was sent for each period on the same date as the assessment.

    *        *        *        *        *        *        *

With the best information available including computer records and the administrative file it has been determined that all applicable legal and administrative requirements have been met.

This settlement officer has had no known previous dealings with this taxpayer for the tax liability for the periods listed above.

## II.  Issues Raised by the Taxpayer

The taxpayer had an earlier opportunity to raise issues concerning the underlying tax liability for the 1998 and 1999 tax liability.  A Statutory Notice of Deficiency (SND) was issued for these assessments.  It is known that the taxpayer received a copy of this notice because he provided a copy of it with his appeal request.  The tax liability on earlier periods [including 1994 and 1996] is based upon voluntarily filed tax returns.

The taxpayer was given an opportunity to raise the issue of the underlying tax liability with regards to the Frivolous Income Tax Return Civil Penalty under IRC § 6702 for the tax periods listed above.  The taxpayer did not present any relevant, non-frivolous documentation to challenge the liability.

The taxpayer has not filed delinquent returns for 2000 and 2001.  This precluded discussion of collection alternatives.

The taxpayer has raised only frivolous arguments. During the hearing, the taxpayer was unwilling to discuss the legitimate issues.

The taxpayer did not raise any other relevant issues.

III. **Balancing the Need for Efficient Collection with the Taxpayer's Concern that the Collection Action be no More Intrusive than Necessary**

**Has efficient tax collection been balanced with concern regarding intrusiveness of the proposed collection action?**

IRC §6330 requires that the Settlement Officer consider whether any collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.

The taxpayer has not participated meaningfully in trying to resolve his tax liability and has insisted instead on using frivolous arguments, which have repeatedly been dismissed by the courts.

Appeals sustains Collection's decision to issue a levy as its next collection tool for resolving the taxpayer's tax account.

**Summary of Decision**

Appeals sustains Collection's decision to levy to collect the balance due on the taxpayer's account.  The taxpayer is not in compliance with filing requirements for individual income tax returns.  The taxpayer raised no relevant issues with regards to collection alternatives.

On April 28, 2003, petitioner filed a petition with the Court in response to the notice of determination and the decision letter.  Except for an argument under section 7521(a)(1), the

petition and a supplement attached to the petition that we consider to be part of the petition contain statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[7]  With respect to section 7521(a)(1), petitioner alleges in the supplement attached to the petition that the Appeals Office refused to allow him to make an audio recording of the hearing held with that office on January 16, 2003, and that that refusal was improper under that section.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

We turn first to whether the Court's jurisdiction is invoked with respect to the decision letter that the Appeals Office issued to petitioner with respect to the notice of intent to levy.  Respondent acknowledges that petitioner's Form 12153 was

---

[7]The frivolous and/or groundless statements, contentions, arguments, and requests in petitioner's petition and the supplement to that petition are very similar to the frivolous and/or groundless statements, contentions, arguments, and requests in the respective petitions filed with the Court by certain other taxpayers. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

timely filed with the IRS with respect to the notice of intent to levy. Respondent concedes that the decision letter that the Appeals Office issued to petitioner with respect to that notice constitutes a "determination" for purposes of section 6330(d)(1). We agree with respondent's concession. Craig v. Commissioner, 119 T.C. 252, 259 (2002). We conclude that the determination reflected in the decision letter coupled with petitioner's timely filed petition with the Court with respect to, inter alia, that determination invokes the Court's jurisdiction under section 6330(d)(1). Moorhous v. Commissioner, 116 T.C. 263, 269 (2001).

We turn now to the determinations with respect to the notice of tax lien and the notice of intent to levy relating to petitioner's taxable years 1994, 1996, 1998, and 1999. A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Where the validity of the underlying tax liability is properly placed at issue, the Court will review the matter on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

With respect to petitioner's taxable years 1994 and 1996, respondent based the assessment with respect to each of those years on the tax shown in petitioner's return for each such year.

At the hearing held by the Appeals Office, petitioner did not raise any relevant issues challenging the appropriateness of the notice of tax lien or the notice of intent to levy relating to his taxable years 1994, 1996, 1998, and 1999. In the notice of determination and the decision letter, the Appeals Office concluded that the petitioner advanced only frivolous arguments at that hearing. Petitioner does not claim here that the amount of tax reported in his return for each of his taxable years 1994 and 1996 is not correct. Instead, he advances statements, contentions, arguments, and requests in his petition and the supplement to that petition that we have found to be frivolous and/or groundless.

With respect to petitioner's taxable years 1998 and 1999, respondent issued, and petitioner received, a notice of deficiency for those years, but he did not file a petition with respect to that notice. On the instant record, we find that petitioner may not challenge the existence or the amounts of petitioner's respective unpaid liabilities for 1998 and 1999.

We turn now to petitioner's argument under section 7521(a)(1) that the refusal by the Appeals Office to permit petitioner to make an audio recording of the hearing held by that office on January 16, 2001, was improper.[8] Before he filed the

---

[8]We note that the record does not establish that petitioner complied with the requirement of sec. 7521(a)(1) that he present
                                                    (continued...)

petition in this case, petitioner made statements and requests and advanced contentions and arguments that the Court has found to be frivolous and/or groundless. In that petition and the supplement thereto, petitioner persists in advancing such frivo- lous and/or groundless statements, requests, contentions, and arguments. Consequently, even though we held in <u>Keene v. Commis- sioner</u>, 121 T.C. 8, 19 (2003), that section 7521(a)(1) requires the Appeals Office to allow a taxpayer to make an audio recording of an Appeals Office hearing held pursuant to section 6330(b), we conclude that (1) it is not necessary and will not be productive to remand this case to the Appeals Office for another hearing under sections 6320(b) and 6330(b) in order to allow petitioner to make such an audio recording, see <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001), and (2) it is not necessary or appro- priate to reject respondent's determinations to proceed with the collection action as determined in the notice of determination and in the decision letter with respect to petitioner's unpaid liability for 1994, petitioner's unpaid liability for 1996, and petitioner's respective unpaid liabilities for 1998 and 1999, see <u>id.</u>[9]

Based upon our examination of the entire record before us,

---

[8](...continued)
to respondent his request to make an audio recording of his hearing with the Appeals Office in advance of that hearing.

[9]See <u>Kemper v. Commissioner</u>, T.C. Memo. 2003-195.

we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination and in the decision letter with respect to petitioner's taxable years 1994, 1996, 1998, and 1999.

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), we now consider sua sponte whether the Court should impose a penalty on petitioner under that section. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.

In an Order dated February 23, 2004, the Court cautioned petitioner that in the event he were to advance in this matter or any future matter arguments that the Court finds to be frivolous and/or without merit, it is likely that the Court would impose a penalty on him under section 6673(a)(1). Since that time, petitioner has not advanced any contentions or arguments in this case. See supra note 1. Although we shall not impose a penalty under section 6673(a)(1) on petitioner in the instant case, we caution him that he may be subject to such a penalty if in the future he institutes or maintains a proceeding in this Court primarily for delay and/or his position in any such proceeding is

frivolous or groundless. See <u>Abrams v. Commissioner</u>, 82 T.C. 403, 409-413 (1984); <u>White v. Commissioner</u>, 72 T.C. 1126, 1135-1136 (1979).

We have considered all of petitioner's statements, contentions, arguments, and requests that are not discussed herein, and, to the extent we have not found them to be frivolous and/or groundless, we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing and the concession of respondent,

<u>An order granting respondent's motion and an appropriate decision will be entered</u>.