T.C. Memo. 2005-153

UNITED STATES TAX COURT

RANDY S. QUIGLEY, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7752-04L.                    Filed June 23, 2005

Randy S. Quigley, pro se.

Russell K. Stewart, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment and to impose a penalty under
section 6673[1] (respondent's motion).  We shall grant respondent's
motion.

---

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Harleysville, Pennsylvania, at the time he filed the petition in this case.

On or about April 11, 2000, petitioner filed a Federal income tax (tax) return for his taxable year 1999 (1999 return). In his 1999 return, petitioner reported total income of $0 and total tax of $0 and claimed a refund of $4,168.99 of tax with-held.[2] Petitioner attached to his 1999 return Form W-2, Wage and Tax Statement, reporting wages, tips, and other compensation of $58,436.12. Petitioner also attached a document to his 1999 return (petitioner's attachment to his 1999 return) that con-tained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[3]

On July 29, 2002, respondent issued to petitioner a notice

---

[2]Respondent treated petitioner's 1999 return as a "math error" return under sec. 6213(b)(2)(A) and issued a "math error" letter to petitioner. Thereafter, although respondent had not issued a notice of deficiency to petitioner with respect to his taxable year 1999, respondent assessed a tax of $11,038 for that year. An officer with respondent's Appeals Office determined that respondent improperly assessed the tax of $11,038 for petitioner's taxable year 1999, and respondent abated that tax.

[3]Petitioner's attachment to his 1999 return is very similar to the documents that certain other taxpayers with cases in the Court attached to their respective returns. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

of deficiency (notice of deficiency) with respect to his taxable year 1999, which he received.  In that notice, respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioner's tax for his taxable year 1999 in the respective amounts of $11,038 and $2,207.60.[4]

Petitioner did not file a petition in the Court with respect to the notice of deficiency relating to his taxable year 1999. Instead, on October 22, 2002, in response to the notice of deficiency, petitioner sent a letter (petitioner's October 22, 2002 letter) to the Internal Revenue Service (IRS) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[5]

On February 3, 2003, respondent assessed petitioner's tax for his taxable year 1999.[6]  (We shall refer to that unpaid assessed amount, as well as interest as provided by law, as petitioner's unpaid liability for 1999.)

Respondent issued to petitioner the notice and demand for payment required by section 6303(a) with respect to petitioner's

---

[4]Thereafter, respondent conceded that petitioner is not liable for the accuracy-related penalty under sec. 6662(a).

[5]Petitioner's October 22, 2002 letter is very similar to the types of letters that certain other taxpayers with cases in the Court sent to the IRS in response to the respective notices of deficiency that respondent issued to them.  See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

[6]See supra note 4.

unpaid liability for 1999.

On or about July 4, 2003, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's taxable year 1999. On or about July 25, 2003, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office) with respect to his taxable year 1999. Petitioner attached a document to his Form 12153 (petitioner's attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[7]

In response to petitioner's Form 12153 and petitioner's attachment to Form 12153, an Appeals officer with the Appeals Office (Appeals officer) sent a letter to petitioner on January 5, 2004 (Appeals officer's January 5, 2004 letter), which stated in pertinent part:

> Please note that during my preliminary review of your "Request for a Due Process Hearing" and other documents written by you, it was observed that you are raising points that are frivolous and without merit.

---

[7]Petitioner's attachment to Form 12153 contained statements, contentions, arguments, and requests that are similar to the statements, contentions, arguments, and requests contained in the attachments to respective Forms 12153 filed with the IRS by certain other taxpayers who commenced proceedings in the Court. See, e.g., Flathers v. Commissioner, T.C. Memo. 2003-60; Copeland v. Commissioner, supra.

> Please be advised the courts have consistently and repeatedly rejected the arguments expressed in your letters and in many cases have imposed sanctions. In <u>Pierson v. Commissioner</u> [Dec. 54, 152], * * * [115 T.C. 576 (2000)], the Court issued fair warning of penalties under section 6673 to all those taxpayers who, in the future, institute or maintain a lien or levy action primarily for delay or whose position in such a proceeding is frivolous or groundless and has in fact imposed a penalty in a number of such cases. (Please see enclosed Exhibit A) [list of cases showing imposition of section 6673]
>
> Pursuant to Sections 6320 and 6330 of the Internal Revenue Code, Section 6320(c) discusses matters considered at the hearing. Section 6330(c)(2)(B) precludes any challenge to the underlying liability, at the hearing, for any period, if the person received a statutory notice of deficiency or otherwise had an opportunity to dispute the liabilities.

The Appeals officer enclosed with the Appeals officer's January 5, 2004 letter a copy of a TXMODA transcript with respect to petitioner's taxable year 1999.

On February 4, 2004, petitioner sent a letter (petitioner's February 4, 2004 letter) to respondent's Appeals Office, which stated in pertinent part:

> In my numerous responses to the IRS I have requested to have a hearing, as provided for in procedures and Regulations (601.105(b)(1) thru 601.105(d)(2)(i)) but as of yet I have been offered none. Now for exact purpose that the 'Restructuring and Reform Act of 1998' was enacted into law, I am again being denied.
>
> A hearing as called for in IRC Sec 6330(b)(1) "if the person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals.". Further more in the US District Court Case of 'MESA OIL, INC., Plaintiff, v. UNITED STATES OF AMERICA, Defendant. Civil Action No. 00-B-851', Nov. 21, 2000 wherein I quote

"Tax Law:  Federal Tax Administration & Procedure:  Tax
Liabilities & Credits:  Levy & Distraint (IRC secs.
6331-6344, 7429) With respect to a hearing concerning
the proposed levy of a taxpayer's property, the tax-
payer is to have a meaningful hearing, followed by
judicial review.  IRC Sec 6330(d)(1)(B).".  A hearing
where I can present evidence, ask questions and view
the verification documents called for in the law.
[Reproduced literally.]

In response to petitioner's February 4, 2004 letter and a

prior telephone call that petitioner made on a date not disclosed

by the record, the Appeals officer sent a letter to petitioner on

February 6, 2004 (Appeals officer's February 6, 2004 letter),

which stated in pertinent part:

I've received your call and letter requesting a face-
to-face Hearing.  The items that you mention in your
CDP request are items that:

- Courts have determined are frivolous or
  groundless, or
- Appeals does not consider.  These are moral,
  religious, political, constitutional, consci-
  entious, or similar grounds.

Examples of arguments that are considered frivolous or
groundless are provided in "The Truth About Frivolous
Tax Arguments" on the IRS Internet website at
http://www.irs.gov/pub/irs-utl/friv_tax.pdf.  It is not
a complete list of frivolous and groundless arguments.
I previously provided a list of cases in the Collection
Due Process forum in which the arguments you are rais-
ing were considered frivolous and irrelevant.

Appeals does not provide a face-to-face conference if
the only items you wish to discuss are those mentioned
above.  You may, however, have a telephone conference
or discuss with us by correspondence any relevant
challenges to the filing of the notice of federal tax
lien or the proposed levy.

If you are still interested in receiving a face-to-face
conference, you must be prepared to discuss issues

relevant to **paying** your tax liability.  These include, for example, offering other ways to pay the taxes you owe, such as an installment agreement or offer in compromise.  The Internal Revenue Manual determines whether Appeals can accept your proposal.  If you wish to have a face-to-face conference, please write me within 15 days from the date of this letter or February 23, 2004 and describe the legitimate issues you will discuss.

Petitioner did not respond to the Appeals officer's February 6, 2004 letter.

On April 8, 2004, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination).  The notice of determination stated in pertinent part:

### Summary of Determination

- A review of the administrative file indicated that all statutory and admin-istrative requirements that needed to be met with respect to the Notice of Intent to Levy being issued were in fact met in your case.
- All relevant issues raised by you were addressed.
- You suggested no collection alterna-tives.
- IRC Sections 6320 and 6330 require that the Appeals Officer consider whether any collection action balance the need for efficient tax collection with the legit-imate concern that any collection action be no more intrusive than necessary. The proposed levy action appears appro-priate in that your liabilities are based on your non-compliance with the tax laws and that you continue attempt-ing to circumvent the tax system with various time worn frivolous arguments.

An attachment to the notice of determination stated in pertinent part:

**Legal and Procedural Requirements**

\*        \*        \*        \*        \*        \*        \*

This Appeals Officer has had no prior involvement with respect to these liabilities; all relevant legal and procedural requirements were reviewed and verified as being met also no spousal issues are applicable.

**Validity of the Assessment**

The assessments for all tax years and liabilities therein are valid.  Various transcripts were reviewed and all assessments were appropriate.  For the Income Tax liability for tax year 1999 you were issued a Notice of Deficiency on 7/29/2003 [sic].  You did not petition the Tax Court for re-determination and the tax was appropriately assessed by default procedures.

Based on the above[,] Section 6330(c)(2)(B) precludes any challenge to the underlying liability, at the hearing, for any period, if the person received a statutory notice of deficiency or otherwise had an opportunity to dispute the liabilities.  For the income tax liability you received the Notice of Deficiency.

\*        \*        \*        \*        \*        \*        \*

**Challenges to the Appropriateness of the Collection Actions**

Your only challenge to the appropriateness of the collection actions is documented in your request for the hearing and other documents received by the Service.  Those challenges are submitted below in pertinent part:

- Quotations form [sic] Senator Roth's book "The Power to Destroy" specifically page 73;
- Disputes the validity of the "Final Notice of Intent to Levy and Notice of your Right to a Hearing" pursuant to IRC 6330, because no one signed it.

- Verification from the Secretary that the requirements of any applicable law or administrative procedure have been met. Transcripts of any kind are not acceptable. And any claims that the court have held that an unsigned, computer printout satisfies the legal requirements will no [sic] be acceptable. That an Appeals Officer "<u>shall hew to the law</u>", in accordance with Reg. 601.106(f) that there is no Treasury Regulation that state [sic] the appeals officers "<u>shall hew to court decisions</u>";
- Proof of Notice and Demand and proof that it is a statutory notice and demand via a Treasury Decision or Regulation;
- There is no underlying liability -- That "The index of the IR Code lists some 60 taxes under the caption "Liability for tax"; however he can find no entry for "income taxes";
- One (nonsensical) excuse the appeals officer might offer is that the underlying liability is not at issue due to the fact that the taxpayer received a Notice of Deficiency. The notice is invalid since it was prepared and sent by a Service Center Employee and it must be sent and determined by the Secretary unless there is a delegation authority to do so IRC Sec. 6330(c)(2)(B) does not apply;
- Citation from Federal Crop Insurance v. Merrill, 332 U.S. 380;
- Disputes the existence of an Income Tax Liability -- <u>The Tax Court not being a court of law</u> -- has no jurisdiction to consider such a question;
- There is no statute requiring him to pay the income taxes;

\*　　\*　　\*　　\*　　\*　　\*　　\*

None of the above arguments are relevant for purposes of the hearing.

**Collection Alternatives Considered**

You have not suggested any viable alternatives. On January 5, 2004 (note: typo error on letter has 2003) you were sent a contact letter informing you that the hearing was being conducted by correspondence and telephone, you were advised that your irrelevant, frivolous, meritless arguments were not acceptable and that the hearing was being limited to discussions of alternatives to the proposed levy. You were further notified that you were not in compliance with the filing of your 2000, 2001, and 2002 tax returns. You were directed to forward completed returns for these years along with financial statements.

In response you wrote a letter dated February 4, 2004 insisting upon a "hearing where I can present evidence, ask questions and view the verification documents called for in the law. Awaiting your response for the date and time of such in person hearing."

On February 6, 2004 this Appeals Officer responded to your correspondence informing you of the conditions under which you would be given an in person hearing, otherwise we would continue with correspondence or by telephone. You did not respond to this letter.

**Balancing Efficient Collection and Intrusiveness**

IRC Sec. 6330 requires that the Appeals Officer consider whether any collection action balance the need for efficient tax collection with the legitimate concern that any collection action be no more intrusive than necessary. The levy action is appropriate in that you have only made time worn arguments against the tax laws to evade the payment of tax nor are you in compliance with the filing of your returns. It is inappropriate to allow you to ignore his [sic] tax obligations any longer.

Petitioner filed a petition with the Court with respect to the notice of determination relating to petitioner's unpaid liability for 1999. The petition contained statements, contentions, arguments, and requests that the Court finds to be frivo-

lous and/or groundless.[8]

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Petitioner did not file a petition with the Court with respect to the notice of deficiency that respondent issued to him relating to his taxable year 1999. Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of the Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

As was true of, inter alia, petitioner's 1999 return, petitioner's attachment to his 1999 return, petitioner's attachment to Form 12153, and the petition, petitioner's position in petitioner's response to respondent's motion (petitioner's

---

[8]The frivolous and/or groundless statements, contentions, arguments, and requests in petitioner's petition are similar to the frivolous and/or groundless statements, contentions, arguments, and requests in respective petitions filed by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46.

response) is frivolous and/or groundless.[9]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's unpaid liability for 1999.

In respondent's motion, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a)(1) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting

---

[9]The statements, contentions, arguments, and requests set forth in petitioner's response are similar to the statements, contentions, arguments, and requests set forth in the respective responses by certain other taxpayers with cases in the Court to the motions for summary judgment and to impose a penalty under sec. 6673 filed by the Commissioner of Internal Revenue in such other cases. See, e.g., Smith v. Commissioner, T.C. Memo. 2003-45.

or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions. In the Appeals officer's January 5, 2004 letter, the Appeals officer advised petitioner that "the courts have consistently and repeatedly rejected the arguments expressed in your letters and in many cases have imposed sanctions."  In that letter, the Appeals officer also advised petitioner of the holding in Pierson v. Commissioner, supra, and provided petitioner with a list of other cases in which a penalty under section 6673(a)(1) had been imposed.  Nonetheless, in the instant case, petitioner alleged in the petition and advances in petitioner's response, we believe primarily for delay, frivolous and/or groundless statements, contentions, arguments, and requests, thereby causing the Court to waste its limited resources.  We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,000.

We have considered all of petitioner's statements, contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.[10]

_____

[10]We shall, however, address one of petitioner's contentions in petitioner's response.  Petitioner contends in petitioner's response that the Appeals officer refused "to afford petitioner the CDP hearing".  On the record before us, we disagree.  In the Appeals officer's February 6, 2004 letter, the Appeals officer informed petitioner that "If you wish to have a face-to-face conference, please write me within 15 days from the date of this letter * * * and describe the legitimate issues you will dis-
(continued...)

On the record before us, we shall grant respondent's motion. To reflect the foregoing,

An order granting respondent's motion and decision for respondent will be entered.

---

[10](...continued) cuss." Petitioner did not respond to that letter. Even if respondent's Appeals officer had not offered petitioner an Appeals Office hearing, on the instant record we would hold that (1) it is not necessary and will not be productive to remand this case to the Appeals Office for a hearing under sec. 6330(b), see Lunsford v. Commissioner, 117 T.C. 183, 189 (2001), and (2) it is not necessary or appropriate to reject respondent's determination to proceed with the collection action as determined in the notice of determination with respect to petitioner's unpaid liability for 1999, see id.